UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SAITTA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC; et al.,<br><br>　　　　　　　　Defendants. | Case No.: 25-cv-1135-DMS-AHG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). Plaintiff, proceeding pro se, filed a response in Opposition, and Defendants filed a reply. The matter is fully brief and submitted. For the following reasons, the Court **GRANTS** Defendants' motion. In light of this disposition, the Court also **DENIES** Plaintiff's companion Motions for Sanctions and Preliminary Injunction. (ECF Nos. 37, 38, 40, 45.)

## I.　BACKGROUND

The background of this case is set out in the Court's Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), (ECF No. 29), and will not be repeated here except where necessary. In that Order, the Court dismissed Plaintiff's

federal claims for failure to state a claim with leave to amend, dismissed Plaintiff's pendent state law claims, and denied Plaintiff's motions for preliminary injunction, motion for entry of default, and motion to accept previous service of process. (*Id.*)  In her SAC, Plaintiff re-alleges two federal claims for violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 (Discrimination Based on Sex), and Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985 ("Section 1985 Conspiracy"), and re-alleges nineteen of her California state law claims (*e.g.*, wrongful eviction, breach of implied covenants of quiet enjoyment and habitability, nuisance, and negligence).  (SAC, ECF No. 32.)  Like the FAC, the SAC focuses on landlord-tenant issues relating to a washer and dryer in Plaintiff's apartment at One Paseo Village ("One Paseo") in San Diego, repair issues in her apartment, disputed rental charges, dissatisfaction with neighbors and the landlord's responses to her complaints, and a dispute arising out of a Notice to Pay Rent or Quit.  (SAC ¶¶ 26-38, 42, 46, 54.)

Plaintiff seeks relief in this Court from the owner of One Paseo Defendant Kilroy Realty, L.P. ("Kilroy"), property managers Defendants Greystar Real Estate Partners, LLC; Greystar Management Services, LLC; and Greystar California, Inc. (collectively, "Greystar"), as well as Defendants Bob Faith (Chief Executive Officer of Greystar), Angela Aman (current Chief Executive Officer of Kilroy), John B. Kilroy Jr. (former Chief Executive Officer and Chairman of Kilroy), and Theresa Barr (General Manager for Greystar at One Paseo) (collectively, "Individual Defendants") for violations of all alleged causes of action.  Because Plaintiff fails to state a claim under the FHA or for Section 1985 Conspiracy against Defendants Kilroy, Greystar, and the Individual Defendants, the Court dismisses the federal claims and will decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to Federal Rule of Civil Procedure 12(b)(1) (subject matter jurisdiction).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### III. DISCUSSION

#### A. Respondeat Superior

Defendants renew their argument that the causes of action against the Individual Defendants should be dismissed under the doctrine of *respondeat superior*. The doctrine of *respondeat superior* shifts onto the employer any liability that would otherwise fall onto an employee acting in the scope of their employment. *Meyer v. Holley*, 537 U.S. 280, 285 (2003) ("[P]rincipals or employers [are ordinarily] vicariously liable for acts of their agents or employees in the scope of their authority or employment."). It is undisputed the

Individual Defendants are employees or agents of Defendant Kilroy or Defendant Greystar and were acting in the scope of their authority or employment; therefore, Defendants Kilroy and Greystar would be vicariously liable for any such wrongful acts of these Individual Defendants. However, with the exception of claims brought under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1348(b), agents and employees *remain liable* for their own torts, and alleged tort victims as here are free to plead claims against and recover from both employers and employees under common law principles of joint and several liability. *Respondeat superior* simply relieves the tort victim of the burden of proving the employer was also directly at fault, but it does not relieve an employee of liability for their own torts.[1] Nevertheless, as discussed below, Plaintiff fails to sufficiently allege a claim against Defendants Kilroy and Greystar and the Individual Defendants under the FHA and for Section 1985 Conspiracy. Thus, the doctrine of *respondeat superior* is not relevant to resolution of this motion.

### B.   FHA

Relevant here, the FHA prohibits discrimination in the rental of a dwelling. Specifically, the FHA prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Plaintiff claims Defendants discriminated against her by providing "unequal terms or conditions in the rental process, discriminatory pricing … [because she] is a woman, and refusing to rent … a two-bedroom apartment[] based on the fact that she is a woman[,]" (SAC ¶ 53), but there are no facts alleged in the SAC to

---

[1] In *Levin v. United States,* 568 U.S. 503, 509 (2013), the Supreme Court held that "the remedy against the United States under the FTCA [is] exclusive for torts committed by federal employees acting within the scope of their employment." *Id.* (citing 28 U.S.C. § 2679(b)(1)). Because the FTCA immunizes the employee in such circumstances, joint and several liability of employer and employee under the common law does not apply. However, the FTCA is not at issue in the present case. The Court, in its Order Granting Defendants' Motion to Dismiss Plaintiff's FAC for claims against the Individual Defendants based on their *respondeat superior* theory, failed to make that distinction. (ECF No. 29 at 5.)

support Plaintiff's conclusions that Defendants acted with discriminatory gender-based animus. (*Id.* ¶¶ 49–82.) Plaintiff's allegations are conclusory and unadorned by any facts that would allow a reasonable inference to be drawn of gender-based discrimination.

Indeed, Plaintiff alleges the principal architect "for these actions"—*i.e.,* the habitability and pricing issues of which Plaintiff complains—is One Paseo's general manager Defendant Theresa Barr, (*id.* ¶ 67), presumably a woman. Plaintiff also squarely lays blame at the feet of Defendant CEO Angela Aman (CEO of Kilroy) for failing to address the habitability and pricing issues—alleging "she never responded … and has continued to fail to respond as of filing." (*Id.* ¶ 38.) Plaintiff further alleges she is presently renting a "penthouse unit" with two bedrooms, (*see id.* ¶¶ 26, 45, 54), in contradiction of her allegation that "single women need to move to one-bedroom apartments." (*Id.* ¶ 71) (alleging "in April 2025 there was a noticeable movement of female tenants moving out of their two-bedroom apartments and into one-bedroom apartments. Not men, only women. Plaintiff's understanding is that two-bedroom apartments are for families and single women need to move to one-bedroom apartments. This is discrimination.").

There are no facts alleged in the SAC to plausibly support a claim that Plaintiff was discriminated against based on her inclusion in any protected class. Courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d at 1055. The Court therefore grants Defendants' motion to dismiss this claim.

    **C.**    **Section 1985 Conspiracy**

A claim of conspiracy to interfere with civil rights under 42 U.S.C. § 1985 "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Within the conspiracy, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Plaintiff's Section 1985 Conspiracy claim is inextricably intertwined with her FHA claim. Plaintiff alleges "Defendants have discriminated against Plaintiff based on her sex as a wom[a]n through chronic and systemic conduct in violation of the FHA as outlined in [her] First Cause of Action[.]" (SAC ¶ 87.) All Defendants, according to Plaintiff, are "tied to the violation of the FHA because the conspiracy is about the conspiracy to interfere with civil rights. A violation of FHA is a civil rights violation." (*Id.* ¶ 88.)

As discussed above, without further factual content showing that Defendants conspired to engage in conduct against Plaintiff with an invidiously discriminatory animus, Plaintiff's Section 1985 Conspiracy claim fails. Accordingly, the Court grants Defendants' motion to dismiss this claim.

**D.    State Law Claims**

Because Plaintiff has failed to allege a violation of federal law, the Court exercises its discretion and grants Defendants' motion to dismiss Plaintiff's pendent state law claims. 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a [state law] claim … if … [it] has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). The Court therefore declines supplemental jurisdiction and dismisses Plaintiff's state law claims.[2]

**E.    Dismissal without Leave to Amend**

A court should grant leave to amend where there is no (1) "undue delay", (2) "bad faith or dilatory motive", (3) "undue prejudice to the opposing party" if amendment were

---

[2] Because all claims in the SAC have been dismissed, Plaintiff has failed to meet the "likelihood of success on the merits" factor of the *Winter* test. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Accordingly, Plaintiff's motions for preliminary injunction (ECF Nos. 38, 40, 45) are denied. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* elements].") (internal quotation marks and citation omitted) (brackets in original). For the same reasons, Plaintiff's motion for sanctions, (ECF No. 37), is also denied.

allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007). However, "[a] district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotation marks and citation omitted).

Here, Plaintiff previously was granted leave to amend and given notice of the deficiencies in her FAC. Having now filed her SAC it is clear the deficiencies in Plaintiff's pleadings cannot be overcome and further amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1135 (9th Cir. 2000) ("[T]he pro se litigant must be given notice of the deficiencies in his complaint and an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment.") (Rymer, J. concurring) (internal quotation marks and citation omitted).

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's SAC without leave to amend and **DENIES** Plaintiff's motions for sanctions and preliminary injunction. The Clerk of Court will close this case.

**IT IS SO ORDERED.**

Dated: January 14, 2026

Hon. Dana M. Sabraw
United States District Judge